Tompkins, J.,
delivered the opinion of the Court.
Nat sued Ruddle for his freedom, verdict and judgment for the defendant, and to reverse the judgment ot the Circuit Court this appeal is taken. It appears on the recoid that the plaintiff produced on the trial, testimony to prove that some time m the year 1831, he was employed on the farm of the defendant in the State of Illinois to which place he was brought from Missouri, and that alter staying some time iu Illinois he was sent back to Missouri. Witness had seen Nat in Illinois in February and July of the year 1831, and if in the mean time he was absent the witness did not know it. It was also testified that Nat had been seen at Ruddle’s assisting in planting corn and in the harvest. One witness swore that he had labored for Ruddle for which he was to have a return of-as much labor, and that Nateame to perform it, but whether by Ruddle’s order witness did not know: the plaintiif staid at one time in Illinois, after the month of July, 1831, a few months, and then returned to Missouri, and was seen while in Illinois about Ruddle’s house and faim, and was generally-reputed Ruddle’s slave. On the side of the defendant it was proved that Ruddle removed from Missouri to Illinois in Ihe year 1829, and left the plaintiff Nat hired out in Missouri, and that Nat ran away from Missouri and went to Illinois, and was frequently at his master’s house on visits to the family. By both plaintiff and *283 defendant, evidence was given that plaintiff hired himself out in Illinois 5 but there was no evidence that Ruddle received.the hire.
The Court charged the jury to find for the plaintiff if from the evidence they believed that the defendant took the plaintiff into the State of Illinois and used him as a slave there or permitted him to be used as such, but that there was nothing in the soil of Illinois as in England, that would work the emancipation of a slave by mere setting foot thereon, and that if the plaintiff went into that State on a mere voluntary visit, or ran away from Missouri to that State, he would not thereby be entitled to his freedom. The counsel of the plaintiff then asked the Court to instruct the jury that if they found that the plaintiff went on a visit to the master’s house and the master made no objection to such visit to Illinois, but employed him in planting corn and harvesting in Illinois and permitted the plaintiff to hire himself to labor in that State, they ought to find for the plaintiff. This instruction was refused. After verdict the plaintiff moved the Court to set it aside, and to be allowed a new trial, because the Court had given the first mentioned instruction, and refused the second, thereby misleading the jury to find a verdict against eyidence. It has often been decided in this Court, that to entitle a slave to recover in an action of this kind, the slave must abide in the State of Illinois, by and with the consent, express or implied, of his owner, long enough to induce a jury to believe that the owner intended to make that country the place of the slave’s residence. In the cases heretofore decided by this Court the slave has most commonly accompanied the owner, and in such case the right to-freedom was decided to depend on the fact whether the owner did make Illinois his place of residence. The instruction given by the Circuit Court is even broader and more favorable to the plaintiff than the rule established by this Court. It is in these words, “ if the defendant took the plaintiff into Illinois and Used him there as a slave' or permitted him to be used as such, then they should find for the plaintiff; ” according to this instruction, the jury were unlimited as to time or the intention of defendant. Whereas,according to the rule of decision of this Court, the jury were allowed to exercise their discretion both as to time and the intention of the party against whom the suit was brought. The instruction asked by the plaintiff’s counsel was, we think, properly refused. If the visits of the defendant had been so frequent and his stay so long as to induce a belief that his owner intended them as a pretext for keeping the plaintiff in Illinois in violation of the constitution, the jury were authorized by the instruction given by the Circuit Court, to consider both the visits, and the labor performed, as well as the hiring proved, to go to establish the fact that the slave was taken to Illinois by his master, and there used as a slave. The jury had before them the whole evidence, with a correct and liberal direction froms the Court, and the state of the evidence is not such as to induce this Court to disturb* the judgment of the Circuit Court. Its judgment is therefore affirmed.